# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEROY SHELLEY, aka TYRON DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 10-1019-GMS |
| | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondent. | ) | |

Leroy Shelley. *Pro se* petitioner.

Maria Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondent.

## MEMORANDUM OPINION

Jan 31, 2012
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Leroy Shelley ("Shelley"). (D.I. 1) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 1998, while he was incarcerated in Pennsylvania, Shelley was indicted in Delaware on charges of robbery and related charges. (D.I. 1) On November 7, 2007, a Delaware Superior Court jury convicted Shelley, *inter alia*, of two counts of first degree robbery and two counts of possession of a firearm during the commission of a felony. (D.I. 18) The Delaware Superior Court sentenced Shelley to a total of eighteen and one-half years of imprisonment, followed by three years of decreasing levels of supervision. Shelley did not file a direct appeal. (D.I. 12 at 1)

On March 25, 2009, Shelley filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *Id.* The Superior Court denied the Rule 61 motion on December 23, 2009. *See Shelley v. State*, 994 A.2d 745 (Table), 2010 WL 1627335 (Del. Apr. 21, 2010). Shelley filed a notice of appeal from that decision on February 16, 2010, which the Delaware Supreme Court dismissed as untimely on April 21, 2010. *Id.*; (D.I. 18)

Shelly filed the instant habeas petition in September 2010 in the United States District Court for the Eastern District of Pennsylvania. The petition was transferred to this court in November 2010, and re-assigned to the undersigned on December 1, 2010. The sole claim in Shelley's petition asserts that his due process rights were violated because the arresting officer

2

committed perjury.

The State filed a motion for leave to file a motion to dismiss along with a motion to dismiss the petition as time-barred or, alternatively, as procedurally barred. (D.I. 12; D.I. 12-1) Thereafter, Shelley filed a document titled "motion to dismiss without evidentiary hearing," which the court will treat as an answering brief (D.I. 13); a document titled "motion to grant petitioner's habeas without evidentiary hearing" (D.I. 14); a document titled "motion to withdraw motion to dismiss without evidentiary hearing" (D.I. 15); and a document titled "motion for writ of mandamus" asking the court to order the State to file transcripts of his criminal trial (D.I. 21).

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1).

Shelley's petition, dated August 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Shelley does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Shelley's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Shelley on March 6, 2008, and he did not appeal. Consequently, Shelley's conviction became final on April 7, 2008.[1] *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Shelley had to file his § 2254 petition by April 7, 2009. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Shelley did not file his habeas petition until August 22, 2010,[2] more than one full year

---

[1]The court disagrees with the State's conclusion that Shelley's judgment of conviction became final on April 6, 2008. In actuality, the last day of the appeal period fell on Saturday, April 5, 2008, thereby extending the appeal period through Monday, April 7, 2008. *See* Del. Supr. Ct. R. 11(a).

[2]A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court

after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during the one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Shelly filed his Rule 61 motion on March 25, 2009. The Superior Court denied the Rule 61 motion on December 23, 2009 and, although Shelley appealed that decision, the Delaware Supreme Court dismissed the appeal as untimely on April 21, 2010. Consequently, Shelley's Rule 61 motion tolls the limitations clock from March 25, 2009, through January 27, 2010, which includes the thirty day appeal period from the denial of his Rule 61 motion;[3] the Rule 61 motion does not toll

---

adopts August 22, 2010 as the filing date because it is the date listed in Shelley's certificate of mailing. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

[3]The State asserts that the thirty day appeal period expired on January 22, 2009. (D.I. 12-1 at 3) However, in denying Shelley's post-conviction appeal as untimely, the Delaware Supreme Court determined that the thirty day appeal period expired on January 27, 2010. *See Shelley*, 2010 WL 1627335, at *1.
      To begin, the court presumes the States designation of the year as 2009 rather than as 2010 is a typographical error. In turn, the court concurs with the State's conclusion that the thirty day appeal period expired on January 22, 2010, not on January 27, 2010. Nevertheless, the court will adopt the Delaware Supreme Court's date of January 27, 2010, because that is the date used by the Delaware Supreme Court in denying the post-conviction appeal as untimely and because the five day difference does not alter court's ultimate conclusion that the instant petition is time-barred.

5

AEDPA's limitations period for the remaining period during which Shelley's untimely post-conviction appeal was pending before the Delaware Supreme Court. *See Flowers v. Phelps*, 2008 WL 4377704, at *5 (D. Del. Sept. 22, 2008); *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

When Shelley filed his Rule 61 motion on March 25, 2009, 351 days of AEDPA's limitations period had already expired. The limitations clock started to run again on January 28, 2010, and ran the remaining fourteen days without interruption until it expired on February 10, 2010. Therefore, even with statutory tolling, Shelley filed the petition approximately six months too late. Accordingly, the petition is time-barred unless equitable tolling is available.

**C. Equitable Tolling**

Although AEDPA's one-year limitations period may be tolled for equitable reasons, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562. Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159.

Here, Shelley appears to contend that his reliance on an incorrect mailing address for the

6

Delaware Supreme Court and his actual innocence warrant equitable tolling of the limitations period. The court is not persuaded.

Shelley's first contention is that equitable tolling is warranted because he sent his Rule 61 appeal to an incorrect address that was provided by the prison librarian, and it was this incorrect mailing that caused his post-conviction appeal to be untimely. However, there were fourteen days remaining in AEDPA's limitations period after the Delaware Supreme Court denied his post-conviction appeal, and Shelley has failed to explain how the late mailing for his post-conviction appeal prevented him from filing a timely **habeas** petition within time remaining in AEDPA's limitations period. In these circumstances, the court cannot conclude that Shelley exercised reasonable diligence in pursuing relief or that his reliance on an incorrect mailing address constituted an extraordinary circumstance.

Shelley's actual innocence argument is premised on his contention that the arresting officer included false facts in the affidavit leading to the arrest warrant and that the officer also falsely testified that Shelley had given an audio-taped confession after signing a *Miranda* form. (D.I. 1 at 5-6; D.I. 13; D.I. 21) To begin, the court notes that neither the Supreme Court nor the Third Circuit have determined whether a credible claim of actual innocence can equitably toll the AEDPA's limitations period. *See, e.g., Teagle v. Diguglielmo,* 336 F. App'x 209, 212-13 (3d Cir. 2009)(non-precedential); *McKeever v. Warden SCI-Graterford,* 486 F.3d 81, 84 n.5 (3d Cir. 2007). Nevertheless, even if a petitioner's actual innocence could warrant equitable tolling, such tolling is not justified in this case. First, Shelley's unsupported assertions regarding the arresting officer's statements do not establish a viable claim of actual innocence because he has not provided "new reliable evidence" establishing that "it is more likely than not that no reasonable

juror would have found him guilty beyond a reasonable doubt" if presented with this "evidence." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Teagle*, 336 F. App'x. at 212-13. Shelley contends that his failure to provide new evidence of his actual innocence is excusable under the holding articulated in *Cristin v. Brennan*, 281 F.2d 404, 420-21 (3d Cir. 2002). Shelley's reliance on *Cristin*, however, is misplaced. Pursuant to *Cristin*, an actual innocence claim may proceed in the absence of new evidence only when "the statute under which the petitioner was convicted [has been reinterpreted] to require more conduct than was allegedly committed." *Cristin*, 281 F.3d at 421. No such circumstances exist in this case. Therefore, Shelley's failure to provide "new reliable evidence" to support his actual innocence claim defeats his attempt to toll the limitations period on the basis of actual innocence.

Second, even if his allegations could satisfy the *Schlup* standard, Shelley has failed to demonstrate that he exercised reasonable diligence in pursuing his actual innocence claim. *See Reed v. Harlow*, 2011 WL 4914869 at *2 n.2 (3d Cir. Oct. 17, 2011)(non-precedential). Shelley became aware of the arresting officer's alleged untrue statements during his trial in November 2007, yet he waited almost three full years before filing his habeas petition.

And finally, to the extent Shelley simply miscalculated AEDPA's filing deadline, it is well settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse a prompt and timely filing. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). For all of these reasons,

the court concludes that the doctrine of equitable tolling is not available to Shelley on the facts he has presented. Therefore, the court will dismiss the petition as time-barred.[4]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Shelley's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Shelley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, without issuing a certificate of appealabilty. (D.I. 1) The

---

[4]Having determined that the petition is time-barred, the court will not address the State's alternative reason for denying the petition.

9

court will deny all pending motions as moot. ( D.I. 14; D.I. 15; D.I. 21)

An appropriate order will be entered.